IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOUG S. NITEK,

                        Plaintiff,

    v.

CHRISTINE TRINRUD, WES RAY, TONYA MOON,
A. ENGELKEN, CINDY O'DONNELL, and JARED
HOY,

                        Defendants.

OPINION and ORDER

26-cv-149-jdp

Plaintiff Doug S. Nitek, proceeding without counsel, alleges that he was turned down for a prison job because of his criminal history. Nitek proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Nitek's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for failure to state a plausible claim for relief, and I will assess a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Previously, while incarcerated at Green Bay Correctional Institution (GBCI), Nitek was employed by "Badger Correctional Enterprises," which I infer is the same entity as Bureau of Correctional Enterprises. *Burnette v. Tegels*, No. 24-cv-886, 2024 WL 4527354, at *2 n.1 (E.D. Wis. Oct. 18, 2024). Bureau of Correctional Enterprises was created by the Department of

Corrections under authority granted to it by the Wisconsin Legislature to establish industries for the employment of inmates in state prisons to manufacture goods or provide services with prices fixed as near the market price as possible. *Blake v. Perttu*, No. 21-cv-197-jdp, 2022 WL 17415059, at *1 (W.D. Wis. Dec. 5, 2022) (citing Wis. Stat. § 303.01(1)). While housed at GBCI, Nitek worked for Bureau of Correctional Enterprises from June 2020 to January 2023. Nitek was a highly regarded employee who received perfect performance evaluations.

According to online DOC records, Nitek was transferred to Redgranite Correctional Institution (RGCI) in March 2023.[1] Nitek was hired by RGCI's maintenance department, and he worked there for two years. In January 2025, Nitek applied to work at Bureau of Correctional Enterprises. A department supervisor for Bureau of Correctional Enterprises, defendant Christine Trinrud, declined to hire Nitek because he was convicted of first-degree intentional homicide of a police officer. Trinrud has hired other prisoners "with homicide cases, she only refused to hire Mr. Nitek because his homicide involves law enforcement." Dkt. 1 ¶ 32. "Other similarly situated inmates in the DOC who have homicide cases, including law enforcement homicide, are allowed to be employed" by Bureau of Correctional Enterprises. *Id.* ¶ 39. The other defendants, grievance officials and DOC Secretary Jared Hoy, "were made aware of and failed to adequately address Defendant Trinrud's constitutionally violative hiring practice, policy, or custom." *Id.* ¶ 42.

---

[1] *See* https://appsdoc.wi.gov/lop/home/home.

ANALYSIS

Nitek brings equal protection and "supervisory liability" claims under federal law, and negligent supervision and "malpractice" claims under Wisconsin law. Nitek seeks damages along with declaratory and injunctive relief.

## A.  Federal-law claims

Nitek fails to allege that he was mistreated based on membership in a protected class such as race, *see Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019), so I will analyze his equal protection claim under a "class of one" theory. The basic rule is that a plaintiff may bring a class-of-one equal protection claim if his allegations plausibly suggest that he was intentionally treated differently from others similarly situated for no rational reason. *See Clark v. Reed*, 772 F. App'x 353, 354 (7th Cir. 2019); *Williams v. Schultz*, No. 22-cv-2-jdp, 2022 WL 3138903, at *2 (W.D. Wis. Aug. 5, 2022).

But the Supreme Court has declined to recognize class-of-one equal protection claims in the context of public employment decisions. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603–04 (2008). In that context, *Engquist* explained, class-of-one equal protection claims are a "poor fit" because they take for granted that "individuals should be treated alike." *Id.* at 605. By contrast, *Engquist* continued, public employment decisions by nature involve "discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Id.* at 603. In other words, "to treat employees differently is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Clark*, 772 F. App'x at 354–55 (alterations adopted) (citing *Enquist*, 553 U.S. at 605); s*ee also Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016) ("[A] class-of-one claim cannot be used to challenge discretionary governmental action . . . ." (emphasis omitted)). Consistently, in unpublished

decisions, the court of appeals has repeatedly declined to recognize class-of-one equal protection claims in the context of prisoner employment. *See Henderson v. Jess*, No. 21-1585, 2022 WL 1831133, at *4 (7th Cir. June 3, 2022); *Reed*, 772 F. App'x at 354; *Lewis v. Henneman*, 752 F. App'x 365, 367–68 (7th Cir. 2019).

Nitek alleges that Trinrud based her to decision not to hire him on his conviction for first-degree intentional homicide of a police officer. Nitek explains that this reason was irrational, primarily because: (1) Trinrud has hired other prisoners with homicide cases; and (2) prisoners with law enforcement homicide cases "are allowed to be employed" by Bureau of Correctional Enterprises. By "allowed to be employed," I take Nitek to mean that Wisconsin law does not prohibit the hiring of prisoners with homicide convictions involving law enforcement. Nitek also stresses that he had an exemplary work record and no documented security concerns.

When a prisoner applies for a position in a prison industry, the hiring official must "consider" several criteria and select a qualified applicant consistent with those criteria. *See* Wis. Admin. Code DOC § 313.06(1)–(2). The requirement that the hiring official "consider" applicants means that the official has discretion regarding which applicant to select. *See Gilmore v. Carr*, No. 20-cv-311-wmc, 2023 WL 2327968, at *4 (W.D. Wis. Mar. 2, 2023). Section 313.06 does not, as Nitek suggests, mandate the hiring of a particular applicant because his qualifications and traits are similar to those of successful applicants. Nitek has failed to plead facts plausibly suggesting that Trinrud's decision to turn down his application was not individualized and discretionary. I will not allow Nitek to proceed on a class-of-one equal protection claim.

Nitek also brings a claim for "supervisory liability" against the other defendants. Strictly, however, there is no "supervisory liability" under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Each government official is liable for only his or her own misconduct. *Id.* In other words, individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Nitek has not plausibly alleged that Trinrud violated his right to equal protection under the law, so it's implausible that any defendant was involved in any violation of that right.

## B.  State-law claims

Without a federal claim, the court would not have jurisdiction over Nitek's state-law claims on the basis of diversity because he hasn't alleged facts plausibly suggesting that he has different citizenship from each defendant.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Nitek's state-law claims without evaluating their merits.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Further amendment would be futile here. Class-of-one equal protection claims are not recognized in the public employment context. The rationale behind that rule "applies with at

least as much force in the prisoner-employment context, because courts defer to the discretion of prison officials to operate their institutions." *Clark*, 772 F. App'x at 354–55 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

I will dismiss the complaint without leave to amend. I will also assess a strike against Nitek under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

## ORDER

IT IS ORDERED that:

1. Plaintiff Doug S. Nitek's complaint, Dkt. 1, is DISMISSED without leave to amend for failure to state a plausible claim for relief.

2. Plaintiff's state-law claims are DISMISSED because I decline to exercise supplemental jurisdiction over them.

3. A strike is to be recorded under 28 U.S.C. § 1915(g).

Entered April 1, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6